DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Jeff McFadden has appealed from an order adjudicating him to be a sexual predator. This Court affirms.
 I.
On December 19, 1985, Defendant pled guilty to one count of rape in violation of then-existing R.C. 2907.02(A)(3), which stated:
 (A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
* * *
 (3) The other person is less than thirteen years of age whether or not the offender knows the age of such person.
As a result of his guilty plea, Defendant was incarcerated "for an indeterminate period of not less than Five (5) Years and not more than the maximum of Twenty five (25) Years."
Defendant remained incarcerated on the 1985 rape conviction as of March 2, 1998. On that date, the trial court ordered that Defendant be removed from prison and brought before the Summit County Court of Common Pleas for a sexual predator hearing pursuant to R.C. 2950.09(C). The trial court eventually held a hearing and adjudicated Defendant to be a sexual predator. Defendant timely appealed that determination.
 II. A.
First Assignment of Error
THE TRIAL COURT ERRED IN DESIGNATING THE DEFENDANT A SEXUAL PREDATOR PURSUANT TO OHIO REVISED CODE 2950.09, BECAUSE THE PROVISIONS OF OHIO REVISED CODE 2950.09 APPLICABLE TO DEFENDANT ARE UNCONSTITUTIONAL DUE TO VAGUENESS.
This Court has previously held that Section 2950.09 of the Ohio Revised Code is not vague and provides sufficient standards to guide the trial courts. State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, at 12-15. Defendant's first assignment of error is overruled.
 B.
Second Assignment of Error
THE TRIAL COURT ERRED IN DESIGNATING THE DEFENDANT A SEXUAL PREDATOR UNDER OHIO REVISED CODE 2950.09(C) BECAUSE OHIO REVISED CODE CHAPTER 2950 AS APPLIED TO DEFENDANT IS RETROACTIVE AND AN EX POST FACTO LAW IN VIOLATION OF THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION.
This Court has previously rejected Defendant's retroactivity and ex post facto arguments. State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported, at 2. Defendant's second assignment of error is overruled.
 C.
Third Assignment of Error
THE TRIAL COURT ERRED IN DESIGNATING THE DEFENDANT A SEXUAL PREDATOR PURSUANT TO OHIO REVISED CODE 2950.09 BECAUSE IT VIOLATES THE EQUAL PROTECTION CLAUSE.
This Court has also previously rejected Defendant's equal protection arguments. Gropp, supra. Defendant's third assignment of error is also overruled.
 D.
Fifth Assignment of Error[1]
THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTOR TO TESTIFY BY READING A REPORT MADE IN 1985 BY A POLICE OFFICER.
Before addressing Defendant's challenge to the weight of the evidence that he has raised in his fourth assignment of error, this Court will discuss the evidentiary arguments raised by Defendant's fifth assignment of error.
The only piece of evidence offered by the prosecution in the instant case was an investigation report prepared in 1985 by the investigating detective. The report was never admitted into evidence. However, the prosecutor did read the report into the record verbatim. On appeal, Defendant has argued that this procedure was improper because the report constituted inadmissible hearsay and was unsubstantiated. Because the report was never actually admitted into evidence, this Court will construe Defendant's arguments as a challenge to the admissibility of the prosecutor's statements setting forth the contents of the report.
In State v. Cook (1998), 83 Ohio St.3d 404, 425, the Supreme Court of Ohio held that "the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." Based on the rationale ofCook, Ohio appellate courts have held that hearsay statements made by prosecutors during sexual predator hearings are admissible. In State v. Ritchey (Mar. 23, 1999), Columbiana App. No. 97-CO-44, unreported, 1999 Ohio App. LEXIS 1185, at *6, the defendant argued that the trial court improperly "relied on the arguments of counsel in making its determination." The Ritchey
court rejected this assertion, holding that "the trial court may rely upon the arguments or statements of counsel to the extent that they illustrate the existence or non-existence of the enumerated statutory factors." Id. at *9. Similarly, in State v.Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported, 1999 Ohio App. LEXIS 4039, the prosecution only presented one witness at the sexual predator hearing — the prosecutor who had originally prosecuted the defendant for the underlying sex offenses. The former prosecutor testified in detail about one of the offenses, described the victim's emotional and physical well-being, and testified about several of the defendant's past convictions for non-sexual offenses. Despite noting that "the better practice would have been for the State to have relied upon some evidence other than the testimony of the former prosecuting attorney," theMarker court concluded that the former prosecutor's testimony was sufficiently reliable to be admitted into evidence. Id. at *4. See, also, State v. Warner (Apr. 20, 1998), Butler App. No. CA97-03-064, unreported, 1998 Ohio App. LEXIS 1669, at *8 (noting that, because the sexual predator statutes explicitly permit a prosecutor to testify, "the use of hearsay evidence was clearly contemplated by the statutory procedures"). Therefore, it was proper for the trial court to permit the prosecutor to describe Defendant's sexual offense based on the details contained in the detective's report.
Additionally, it has been held that "it is not per se
prejudicial error for a trial court to base its [sexual predator] determination upon evidence which could not be cross-examined."State v. Bailey (July 15, 1999), Franklin App. No. 98AP-1132, unreported, 1999 Ohio App. LEXIS 3353, at *9-10. "[T]he offender has the opportunity to attack evidence that contains statements not subject to cross-examination, has the opportunity to call his or her own witnesses, present his or her own evidence, and counter any erroneous information presented by the state." Id. at *10. See, also, State v. Hargis (Feb. 11, 1999), Cuyahoga App. No. 72540, unreported, 1999 Ohio App. LEXIS 434, at *3 (holding that the admission of a pre-sentence investigation report does not deny a sexual predator the right to confront the witnesses against him or her because "[t]he offender has the opportunity to present his own evidence and counter any erroneous information in the pre-sentence report"). In that regard, it should be noted that Defendant made no effort to attack the information contained in the detective's report as recited by the prosecutor. Instead, Defendant testified that he agreed with the basic facts as they were presented by the prosecutor.
Although the instant case is clearly not a model example of a sexual predator hearing, the prosecutor's statements were sufficiently reliable to constitute admissible evidence. Defendant's fifth assignment of error is overruled.
 E.
Fourth Assignment of Error
THE TRIAL COURT ERRED IN DESIGNATING THE DEFENDANT A SEXUAL PREDATOR BECAUSE IT FAILED TO CONSIDER THE FACTORS ENUMERATED IN THE STATUTE, FAILED TO APPRPRIATELY [sic] CONSIDER THE DEFENDANT'S TESTIMONY AND ITS FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Having resolved the evidentiary issues raised by Defendant's fifth assignment of error, this Court will now proceed to address Defendant's challenge to the weight of the evidence.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.01(G)(3), an offender is "adjudicated as being a sexual predator" if:
 [p]rior to the effective date of this section, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after the effective date of this section, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.
Because Linton was sentenced prior to the effective date of this section and remained imprisoned after the effective date of this section, the trial court was required to proceed under division (C) of R.C. 2950.09.
R.C. 2950.09(C)(1) requires the department of rehabilitation and correction to determine whether to recommend that an offender be adjudicated to be a sexual predator and to submit that recommendation to the trial court that sentenced the offender. R.C. 2950.09(C)(2) authorizes the trial court to hold a hearing as described in R.C. 2950.09(B)(1) to determine whether the offender is a sexual predator. R.C. 2950.09(C)(2) further provides that the trial court "shall consider all relevant factors, including, but not limited to, all of the factors specified in [R.C.2950.09(B)(2)]." R.C. 2950.09(B)(2) specifies the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
"After reviewing all testimony and evidence presented at the hearing and the factors specified in [R.C. 2950.09(B)(2)], the court shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(C)(2)
 Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
The crime of rape in violation of R.C. 2907.02 is specifically included within the statutory definition of a "sexually oriented offense." R.C. 2950.01(D)(1). Therefore, the only issue herein is whether there was clear and convincing evidence that Defendant is likely to engage in the future in a sexually oriented offense.
In the instant case, the prosecution's evidence showed that Defendant admitted to raping a four-year-old girl. The victim's parents hired Defendant as a babysitter based on a recommendation from a local church. The victim alleged that once the parents were gone for the evening, Defendant got undressed and told the victim to get undressed. Defendant then named his penis "Richard" and told the victim that her vagina was "Alice." Defendant engaged in cunnilingus with the victim and asked the victim to touch his penis. When Defendant was questioned by the police, Defendant admitted that that was all true. Additionally, although Defendant denied any penile penetration of the victim's vagina, he admitted that the victim had his penis in her mouth. Defendant told the police that the urges he experienced with the victim were "uncontrollable."
Defendant testified on his own behalf at the sexual predator hearing. Defendant agreed with the basic facts as provided by the prosecutor and admitted that his urges were uncontrollable at the time that he committed the offense. However, Defendant testified that he had received treatment during his incarceration and that he could now control his urges. Defendant stated that if he were released he would not baby-sit anymore. Additionally, the parties stipulated that Defendant had no prior convictions.
Although Defendant's subsequent participation in the available programs for sex offenders weighs in his favor, the nature of Defendant's offense, the fact that he used a recommendation from a church in order to commit his offense, and Defendant's admission that his improper urges were once uncontrollable all weigh heavily against him. As such, the trial court's conclusion that Defendant is likely to engage in a sexually oriented offense in the future is not against the weight of the evidence. Defendant's fourth assignment of error is overruled.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE
FOR THE COURT BAIRD, P.J.
CARR, J.
CONCUR
[1] Defendant's fifth assignment of error challenges the admission of certain evidence. As such, it will be addressed prior to his fourth assignment of error that challenges the weight of the evidence supporting his sexual predator adjudication.